United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRICK EDWARD OSINACHI,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al.*,

Respondents.

Case No. 1:26-cv-08180 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Patrick Edward Osinachi is an immigration detainee currently awaiting the outcome of his removal proceedings. In his petition for writ of habeas corpus, he alleges that his detention without notice and a pre-deprivation hearing violated his Fifth Amendment right to due process. Dkt. No. 1 at 4–7. Shortly after filing the petition, the court set a briefing schedule and directed Respondents to address whether any provision of law or fact in this case would distinguish it from several cited prior cases where the Court granted habeas relief for non-citizens previously paroled into the United States by DHS. *See* Dkt. No. 5 (citing *Simon v. Warden, Cent. Valley Annex*, No. 1:26-CV-05030 (EJD), 2026 WL 1992936 (E.D. Cal. July 9, 2026); *Perez v. Chestnut*, No. 1:26-CV-06458 (EJD), 2026 WL 2836753 (E.D. Cal. Sept. 22, 2026); *Dieu v. Warden of the California Cty. Det. Facility*, No. 1:26-CV-04764 (EJD), 2026 WL 2365346 (E.D. Cal. Aug. 14, 2026); *Labrador v. Blanche*, No. 1:26-CV-06374 (EJD), 2026 WL 2409428 (E.D. Cal. Aug. 17, 2026)).

Respondents filed a timely response to the Court's order to show cause, stating that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and the only relief

warranted is a bond hearing. Dkt. No. 8 at 1. However, Respondents "acknowledges that this case fits into the category of cases in which the Court has found that the petitioner's parole into the United States is more significant than his or her manner of entry[,]" and that "this case belongs to the category of cases in which the Court has ordered a bond hearing." *Id*. at 2.

Petitioner alleges the following in his petition. He is a citizen of Nigeria and a lawful permanent resident of Ukraine. Dkt. No. 1 at 3. In 2023, he was paroled into the United States through the Ukrainian Humanitarian Parole Program. *Id*. at 3, 39. Petitioner is married, and filed a Form-130 and application for lawful permanent residence based on that marriage. *Id*. at 18. In July 2026, Petitioner was arrested on a domestic-violence related charge and transferred to ICE custody shortly thereafter. *Id*. at 2; Dkt. No. 8-1 at 2. All charges against him were dismissed in August 2026. Dkt. No. 1 at 11. Despite the dismissal of these charges, Petitioner has remained detained by ICE for the past four months.

Pursuant to the reasoning in *Simon*, *Perez*, *Dieu*, and *Labrador*, Petitioner is entitled to relief on his due process claim. *Simon*, 2026 WL 1992936, at *2–3; *Perez*, 2026 WL 2836753, at *1; *Dieu*, 2026 WL 2365346, at *1; *Labrador*, 2026 WL 2409428, at *1. Petitioner has a clear liberty interest in his continued freedom following his release from DHS custody in 2023. *See R.A.N.O. v. Wofford,* 820 F. Supp. 3d 1094, 1102–03 (E.D. Cal. 2026) (holding that noncitizen had a protected liberty interest following his grant of humanitarian parole). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), he has a substantial private interest in maintaining his out-of-custody status following his grant of parole, the risk of erroneous deprivation without a hearing is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

The fact that § 1225(b)(2) authorizes detention during removal proceedings does not defeat Petitioner's due process claim here. Regardless of the applicable detention authority, Petitioner's liberty interest described above is still protected by the due process clause. *See Padilla v. United States Immigr. & Customs Enf't*, No. 24-2801, 2026 WL 2822044, at *19 (9th Cir. Sept. 21, 2026) ("Noncitizens who arrive illegally and are found away from the border well after arrival are

protected from arbitrary detention in violation of the Due Process Claus.”). As Petitioner was permitted to live at liberty for the last several years as his immigration proceedings progressed, he was entitled to process prior to the deprivation of his freedom. Indeed, Respondents concede as much in stating that “this case fits into the category of cases in which the Court has found that the petitioner’s parole into the United States is more significant than his or her manner of entry.” Dkt. No. 8 at 2. As ICE failed to provide Petitioner with notice or a hearing prior to his detention, the appropriate remedy is immediate release.

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is GRANTED. Respondents are ORDERED to immediately release INSERT from their custody. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner’s arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present. This Order does not address the circumstances under which Respondents may re-detain Petitioner if he becomes subject to a final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: November 13, 2026

EDWARD J. DAVILA
United States District Judge